RECEIVED
BY _____ Hdb

OCT 25 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

JONATHAN JAY PARKER

VERSUS        6:07CV1760        LO

BOARD OF SUPERVISORS OF
UNIVERSITY OF LOUISIANA-
LAFAYETTE

## PETITION

The petition of Jonathan Parker, a resident of full age of majority of St. Martin Parish, Louisiana, respectfully represents:

1.

Defendants herein, BOARD OF SUPERVISORS OF UNIVERSITY OF LOUISIANA-LAFAYETTE an agency of the State of Louisiana, domiciled in Lafayette Parish, Louisiana;

2.

Plaintiff is an individual of the full age of majority, age 37, of St. Martin Parish, Louisiana, and a citizen of the State of Louisiana.

3.

Plaintiff shows that on or about February 15, 2001, defendants did violate the provisions of the Age Discrimination Act of 1975. Specifically not allowing plaintiff to engage or participate in the University's football program, stating that the plaintiff was "too old to play for the University."

4.

Plaintiff did meet prescription requirements by filing a previous case under a different "Identity of Capacities" in the U.S. District Court Western District of Louisiana (Lafayette) on or about May 24, 2001. This action was dismissed "with prejudice." Judge Melancon upon realizing that the U.S. Department of Education had jurisdiction over plaintiff's complaint and did investigate and monitor the University for corrective action in plaintiff's complaint; Judge Melancon "Ordered" that both sides propose settlement which consisted of changing the "Identity of Capacity" and bringing the new petition to state court.

5.

Plaintiff brought the complaint to various individuals including Ray Authment. President of the University of Louisiana-Lafayette, and was denied the ability to participate in the football program at University of Louisiana-Lafayette, solely because of his age.

6.

Defendant's conduct constitutes illegal age discrimination in violation of the Age Discrimination Act of 1975.

7.

Plaintiff shows that there is no legitimate interest by the University of Louisiana in prohibiting him from participating in the football program program there solely because of his age.

8.

Plaintiff shows that as a result of the failure to allow him to participate, that he has been denied equal opportunity in education and the athletic program, by virtue of his age in violation of the Age Discrimination Act of 1975 and thoroughly investigated by the U.S. Department of Education whom found Plaintiff's complaint was valid to monitor the University for corrective action under their jurisdiction and the ADA of 1975.

9.

Plaintiff shows that as a result of the illegal discrimination alleged above, that he has suffered damages in the form of embarrassment, humiliation, emotional distress, loss of opportunity to play college football and enter into the National Football Association college draft and becoming a professional football player.

10.

Plaintiff further shows that he has incurred attorneys' fees in the prosecution of this matter.

11.

Plaintiff has exhausted all administrative remedies and is entitled to both compensatory and punitive damages in the amount of $7,000,000 by the Board of Supervisors of University of Louisiana-Lafayette on the age discrimination violation perpetrated by the defendants.

WHEREFORE, plaintiff, JONATHAN PARKER, prays that after due proceedings herein, that there be judgment herein against the BOARD OF SUPERVISORS OF UNIVERSITY OF LOUISIANA-LAFAYETTE, for damages, reasonable attorney's fees and for all costs of these proceedings, Also Plaintiff demands trial by Jury.

Lafayette, Louisiana this 25th day of October 2007.

RESPECTFULLY SUBMITTED:

Jonathan Parker, Pro Se
830 Belle Dr.
Breaux Bridge, LA 780517
(337) 442-6886

By: _____
Jonathan Parker, Pro Se

**PLEASE SERVE:**

Board of Supervisors
University of Louisiana-Lafayette
150 Third St., 3rd Floor
Baton Rouge, LA 70801