RECEIVED
IN LAFAYETTE, LA.

OCT 3 0 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

JONATHAN JAY PARKER      CIVIL ACTION NO. 6:07CV1760

VERSUS      JUDGE DOHERTY/
     MAGISTRATE JUDGE METHVIN

BOARD OF SUPERVISORS OF
UNIVERSITY OF LOUISIANA-
LAFAYETTE

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S PETITION

**MAY IT PLEASE THE COURT:**

A similar case was brought into the federal court and dismissed with prejudice by Judge Melancon. This case was brought against defendants Ray Authement, Jerry Baldwin and Ron Brown under Title 7 of the Civil Rights Act of 1964. Upon Judge Melancon discovering that the United States Department of Education did investigate the University of Louisiana at Lafayette and monitor the Universities activities for corrective actions and resolution procedures specifically in plaintiff's complaint, Judge Melancon did Order that Richard P. Bullock, attorney at Law enroll as counsel on behalf of plaintiff JONATHAN JAY PARKER **Exhibit A**. This order was subsequent the order dismissing plaintiff's petition with prejudice. Judge Melancon also ordered that both sides propose a settlement which Richard P. Bullock drafted and discussed with defendants **Exhibit B**. The proposed settlement consisted of changing the "Identities of Capacities" and filing a new petition in state court. Upon the new petition being filed in state court the defendants' asserted the doctrine of res judicata under Judge Bates of the 19th Judicial Court and the Appellate Court

I. **Supporting documents by the U.S. Department of Education:**

**Exhibit C** from the U.S. Department of Education supports plaintiff's petition and clarifies their jurisdiction, subject matter and interpretation of the Age Discrimination Act of 1975 versus the ADEA provisions.

II. **Commitment to Resolve**

**Exhibit D** from the University of Louisiana at Lafayette is a letter of commitment to resolve plaintiff's complaint upon the U.S. Department of Education finding that plaintiff's complaint was within their jurisdiction and the scope of the Age Discrimination Act of 1975. These actions were monitored by the U.S. Department of Education Office of Civil Rights and if these action items were not followed, the U.S. Department of Education would have imposed sanctions against the University specifically in plaintiff's complaint. The University did not participate in OCR's dispute mediation efforts at their own discretion. Plaintiff did exhaust all administrative remedies in this matter.

III. **Louisiana Supreme Court Ruling**

The Louisiana Supreme Court reversed and remanded to the trial court for further proceedings January 16, 2001 in *Certified Finance, Inc v. Rebecca Cunard, A. Gill Dyer, Hillary Thomas Murphy and An Unamed Partnership/Joint Venture composed of Rebecca A. Cunard, A Gill Dyer and Hillary Thomas Murphy* 2001 CA 0797 473,853 (1st Cir. 2001) "…the trial court legally erred in granting summary judgment because there was no

identity of parties,..." *Barnette v. Develle,* 289 So. 2d 129, 141 (La 1974) Arbour, 34 La. L. Rev. At 767; Tate, 29 La L. Rev. At 279. See Planiol's explanation of Article 1351 of the Code Napeleon: Res judicata can only be applied when both parties appear before the court in the same capacities. "...Thus a tutor, after having lost a case brought in the name of his ward, may recommence it in his own name, without being subject to the defense of res judicata because he is not acting in the same capacity; it is not the same person who is pleading *(Cass., 28 Aug. 1849,D.50.1.57)*. Note that Jerry Baldwin, named in the original suit has since successfully sued the University The supporting exhibits show Judge Melancon's intentions of bringing a new case into the state court after ruling with prejudice on the previous case under a different statute and different defendant's

WHEREFORE, plaintiff, JONATHAN JAY PARKER, prays that after due proceedings had herein, that this Complaint be set for trial.

**Respectfully submitted,**

**Jonathan Parker, Pro Se**

*[signature]*

**Jonathan Parker, Pro Se**
**830 Belle Dr.**
**Breaux Bridge, LA 70501**
(337) 315-9728

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the memorandum in support of plaintiff's complaint has this date been hand delivered to the defendant at the following address: Board of Supervisors University of Louisiana-Lafayette, 150 Third St., 3rd Floor Baton Rouge, LA 70801 this 30th day of October 2007.

*Jonathan Parker*
Jonathan Parker