EXHIBIT A

RECEIVED
SEP 27 2001
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/25/01
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

JONATHAN JAY PARKER        CIVIL ACTION NO. 01-0974

                                           JUDGE MELANCON/
VERSUS                             MAGISTRATE JUDGE MELANCON

RAY AUTHEMENT, ET AL        FILED: _____

## ORDER TO ENROLL AS COUNSEL

Considering the above and foregoing motion to enroll as counsel of record filed on behalf of the plaintiff JONATHAN JAY PARKER,

IT IS HEREBY ORDERED that Richard P. Bullock, Attorney at Law, be enrolled as counsel of record on behalf of plaintiff JONATHAN JAY PARKER in the above and foregoing cause.

Signed in Chambers, this 25th day of September 2001, at Lafayette, Louisiana.

_____
JUDGE, U.S. DISTRICT COURT

RESPECTFULLY SUBMITTED:

BULLOCK & JOHNSON, A PLC
1659 Florida Blvd.
Baton Rouge, LA 70802
(225) 344-9205

By: _____
Richard P. Bullock
Bar Roll No. 20,733

C:\Docs\MR\Civil\Parker, Jonathan\Motion to Enroll.wpd

COPY SENT
DATE 10-26-01
BY ____
TO: ____
Order Brief

COPY SENT:
DATE: 10/29/01
BY: dm
TO: Parker
Bullock
Bernard

(24)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION
in Lafayette

PRESENT: HON. TUCKER L. MELANÇON, JUDGE, Presiding
Christine Bordenave, Court Reporter
Ronald G. Weathers, Minute Clerk

Date: October 25, 2001

COURT OPENED: 3:00 P.M.  COURT ADJOURNED: 3:30 P.M.

## MINUTES OF COURT

CASE NO. 6:01cv0974    JUDGE MELANÇON    MAGISTRATE JUDGE METHVIN

JONATHAN JAY PARKER           VS.   RAY AUTHEMENT

APPEARANCES

RICHARD P. BULLOCK            FOR   PLAINTIFF

HENRY A. BERNARD, JR.         FOR   ALL DEFENDANTS

**FILED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/25/01
BY ___

CASE CALLED FOR                FILINGS:
_X_ Hearing on motion
___ Jury selection only
___ Trial with/without jury * day
___ Other

Case called for hearing on [21-1] motion by Jonathan Jay Parker for Richard P. Bullock to enroll as counsel, submitted and **GRANTED**.

IT IS ORDERED that the parties file a motion with proposed judgment as discussed at the hearing, by noon on Tuesday, October 30, 2001.

EXHIBIT B

COPY SENT
DATE 11-06-01
BY ___
TO: Bullock
    Bernard

501 599 1360

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN JAY PARKER | CIVIL ACTION NO.: CV-01-0974-L-O |
| | JUDGE MELANCON |
| VERSUS | |
| | MAGISTRATE JUDGE METHVIN |
| RAY AUTHEMENT, ET AL | FILED: _____ |

### JOINT MOTION FOR ENTRY OF JUDGMENT

NOW INTO COURT through undersigned counsel, comes JONATHAN JAY PARKER, plaintiff in the above captioned matter, and individual defendants, RAY AUTHEMENT, NELSON SCHEXNAYDER, JERRY BALDWIN, and RON BROWN, who move this Honorable Court for entry of judgment pursuant to the agreement of the parties, and the Court's ruling conducted on October 25, 2001.

RESPECTFULLY SUBMITTED:

BULLOCK & JOHNSON, A PLC
1659 Florida Blvd.
Baton Rouge, LA 70802
(225) 344-9205

By: _____
Richard P. Bullock, Esq.
Bar Roll No. 20,733

OATS & HUDSON
100 E. Vermilion St.
Lafayette, LA 70501
(337) 233-1100

By: _____
Henry A. Bernard, Esq.
Bar Roll No. 2,980

EXHIBIT B2

DRAFT

Mr. Parker

The U.S. Department of Education, Office for Civil Rights has jurisdictional authority under the Age Discrimination Act of 1975, over complaints of discrimination on the basis of age, as it relates to the provision of student services. OCR may pursue for complaint resolution complaint allegations that an entity, within our jurisdiction, discriminated because the complainant was too young or too old, or treated differently on the basis of his or her age. There are no specified age restrictions and OCR does not look to other regulations to infer any age restrictions.

However, if a complainant alleges that an entity, within our jurisdiction, discriminates on the basis of age in employment. OCR would not have jurisdictional authority and would refer the complaint to the Equal Employment Opportunity Commission (EEOC) if the complainant was over 40 years old. If the complainant was under 40 years old - OCR would close the complaint without further action.

If you need additional information, you can log in to www.ed.gov, or contact me at the electronic address above or directly by telephone at 214 661 9612.

Bonnie S. Evans
Equal Opportunity Specialist
Office for Civil Rights, Dallas Office

EXHIBIT C

EXHIBIT D

**University of Louisiana at Lafayette
Commitment to Resolve
OCR Complaint #06012082**

The University of Louisiana at Lafayette (UL LAFAYETTE) voluntarily makes the following commitments to the U.S. Department of Education, Office for Civil Rights (OCR), without any admission of any violation of Federal regulations, to resolve the allegation in the above-referenced complaint. It is understood that this agreement does not constitute a finding by OCR of any violation of the Age Discrimination Act of 1975 (Age Act). UL LAFAYETTE assures OCR that it will implement the commitments specified below:

**Action Items:**

1. By signing this commitment, UL LAFAYETTE assures OCR that all students, regardless of age, who desire to participate in its football program, will be provided an equal opportunity to try out for participation in its football program.

2. By November 8, 2002, UL LAFAYETTE will provide Mr. Jonathan Parker (hereinafter referred to as the AIP, alleged injured party) a written invitation to tryout for its football program for the 2003-2004 season, during the tryouts scheduled to be held in January 2003. UL LAFAYETTE assures OCR that the AIP will be evaluated for selection for the team according to the same criteria that would be applied to any other student trying out for the same or similar position on the football team, and that the decision regarding whether the AIP will be selected for the team will not be based on his age. The AIP will, however, be subjected to the same National Collegiate Athletic Association (NCAA) eligibility requirements as those applied to all student athletes.

3. By May 1, 2003, UL LAFAYETTE will provide the AIP with a second written invitation to tryout for its football program for the 2003-2004 season, during the tryouts scheduled to be held in Summer 2003, using the same criteria as outlined above in action item #2. [*Note: The commitment action item regarding this second written invitation will not be necessary if the AIP is selected for the football team as a result of the tryout for the 2003-2004 season referenced in action item #2 above.*] Thereafter, UL LAFAYETTE assures OCR that the AIP will be eligible to tryout for the football team, regardless of his age, as long as the AIP meets NCAA eligibility requirements.

4. By signing this commitment, UL LAFAYETTE confirms that there is no written policy related to tryouts or the selection process for its football program; and, that the UL LAFAYETTE football program's criteria for tryouts and selections is at the discretion of the coach. UL LAFAYETTE will ensure that these criteria do not discriminate on the basis of age. UL LAFAYETTE will take no action on the

Case 6:07-cv-01760-TLM-MEM   Document 7-1   Filed 10/30/07   Page 6 of 8 PageID #: 22
NOV-05-2002  11:05        UL LAFAYETTE                      337 482 5914   P.03

Page 2 – UL LAFAYETTE Commitment to Resolve

basis of age, which is otherwise prohibited, unless that action reasonably takes into account age as a factor necessary to the normal operation or the achievement of any statutory objective of the program or activity.

5. By <u>December 1, 2002</u>, UL LAFAYETTE will provide written notice to coaches and administrators within the university's football program that the Age Act prohibits discrimination on the basis of age in the tryout and selection of players for the football team.

6. By <u>December 1, 2002</u>, UL LAFAYETTE will designate a responsible employee to coordinate its efforts to comply with the Age Act, including investigation of complaints alleging noncompliance or alleging actions that would be prohibited by the Age Act and its implementing regulations.

7. Beginning on <u>December 1, 2002</u>, and on a continuous basis thereafter, UL LAFAYETTE will provide notice to its faculty, staff, and students of the identity by name or title, address, and telephone number, of the responsible employee designated to coordinate its efforts to comply with the Age Act. The notice will also provide information regarding the provisions of the Age Act and its implementing regulation and its applicability to specific programs. Methods of initial and continuing notification may include publication in newspapers and magazines, placement of notices in UL LAFAYETTE's publications, and distribution of memoranda or other written communications.

8. By <u>December 1, 2002</u>, UL LAFAYETTE will adopt, publish, and implement grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by the Age Act. OCR has identified a number of elements in evaluating whether a university's grievance procedures are prompt and equitable, including whether the procedures provide for:

- Notice to students, faculty, and staff of the procedure, including where complaints may be filed;
- Adequate, reliable, and impartial investigation of complaints, including the opportunity to present witnesses and other evidence;
- Designated and reasonably prompt timeframes for the major stages of the complaint process; and
- Notice to the parties of the outcome of the complaint.

[*Note: As a recipient of Federal financial assistance from the U.S. Department of Education and as a public entity, UL LAFAYETTE has a similar obligation to adopt and publish grievance procedures to address complaints alleging any action prohibited by Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act of 1990, and Title IX of the Education Amendments of 1972. These grievance procedures may be separate or may be incorporated with the Age*

Page 3 – UL LAFAYETTE Commitment to Resolve

*Act grievance procedures to be developed pursuant to this agreement.*]

9. By <u>December 1, 2002</u>, UL LAFAYETTE will publish the grievance procedures, and publish the name or title, address, and telephone number of the responsible individual designated to coordinate its efforts to comply with the Age Act in its catalog(s), recruitment materials, and student, faculty, and staff handbook(s). UL LAFAYETTE may meet this requirement by including appropriate inserts in existing materials and publications or by revising and reprinting the materials and publications. UL LAFAYETTE will continue to provide this information in subsequent materials and publications.

**Reporting Requirements:**

1. By <u>November 15, 2002</u>, UL LAFAYETTE will provide OCR with a copy of the written invitation to the AIP for a tryout for the football team for the 2003-2004 season. If the AIP avails himself of the tryout opportunity, then by <u>February 1, 2003</u>, UL LAFAYETTE will also provide OCR with a written summary regarding the AIP's tryout, including who evaluated the AIP, the results of the tryout, and the reasons for the AIP's selection or non-selection.

2. By <u>December 1, 2002</u>, UL LAFAYETTE will provide OCR with a copy of the notice(s) issued pursuant to action item #5 above, and documentation that verifies that each coach and administrator within the UL LAFAYETTE football program received a copy of the notice.

3. By <u>December 1, 2002</u>, UL LAFAYETTE will provide OCR with the name, address and telephone number of the person designated to coordinate its efforts to comply with the Age Act.

4. By <u>December 1, 2002</u>, UL LAFAYETTE will provide OCR with copies of notices to the faculty, staff, and students developed as a result of action item #7 above; and, descriptions of how these were disseminated.

5. By <u>December 1, 2002</u>, UL LAFAYETTE will provide OCR with a copy of grievance procedures developed as a result of action item #8 above; and, a description of how and where these were published.

6. By <u>December 31, 2002</u>, UL LAFAYETTE will provide OCR with copies of inserts for existing materials and publications developed as a result of action item #9 above, or copies of all reprinted materials and publications, including catalogs and handbooks, in which the grievance procedures and notice of the coordinator were published. If inserts are provided to OCR to satisfy this reporting requirement on December 31, 2002, then by <u>September 30, 2003</u>, UL LAFAYETTE will provide OCR with copies of all reprinted materials and publications, including catalogs and handbooks, in which the grievance procedures and notice of the coordinator were published.

Case 6:07-cv-01760-TLM-MEM   Document 7-1   Filed 10/30/07   Page 8 of 8 PageID #: 24
NOV-05-2002 11:05   UL LAFAYETTE   337 482 5914   P.05

Page 4 – UL LAFAYETTE Commitment to Resolve

7. By <u>June 1, 2003</u>, UL LAFAYETTE will provide OCR with a copy of the 2nd written invitation to the AIP for a summer 2003 tryout for the football team for the 2003-2004 season. If the AIP avails himself of the tryout opportunity, then by <u>August 1, 2003</u>, UL LAFAYETTE will also provide OCR with a written summary regarding the AIP's tryout, including who evaluated the AIP, the results of the tryout, and the reasons for the AIP's selection or non-selection. [*Note: This reporting requirement will not be necessary if the AIP is selected for the football team as a result of the 1st tryout in January 2003 referenced in action item #2 above.*]

_____          _11/5/02_
Dr. Ray Authement, President              Date